**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAHENDRABHAI PATEL DURVESH,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.   13-72479

Agency No. A200-232-361

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 7, 2017
Pasadena, California

Before:  THOMAS, Chief Judge, REINHARDT, Circuit Judge, and KORMAN,[**]
District Judge.

Petitioner Mahendrabhai Patel Durvesh ("Durvesh"), a native and citizen of

India, petitions for review of the Board of Immigration Appeals' ("BIA") decision

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

affirming an immigration judge's ("IJ") order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's adverse credibility determination for substantial evidence, *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009), and the BIA's denial of a motion to remand for abuse of discretion, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review. Because the parties are familiar with the facts and procedural history, we will not recount them.

Substantial evidence supports the IJ's adverse credibility determination based on the inherent implausibility of Durvesh's testimony that he was attacked by Congress Party members and police. Nothing in the 2011 Country Report suggests that BJP members were targeted by the Congress Party or other government officials. According to news articles from 2012, the BJP is a "vibrant party" with significant power, and it enjoys control of Durveshs's home state. Durvesh did not offer an adequate explanation why he would be targeted as a low-level BJP member, whereas someone higher up in the organization would not be targeted.

Without credible testimony, Durvesh cannot establish that he is eligible for asylum, withholding of removal, or protection under CAT. *See Farah v. Ashcroft*,

348 F.3d 1153, 1156 (9th Cir.2003). The BIA did not abuse its discretion in denying Durvesh's motion to remand because Durvesh has not shown that the newly submitted evidence was unavailable at the time of his hearing before the IJ. 8 U.S.C. § 1003.2(c)(1). Moreover, the news articles submitted involved isolated incidents in a different region.

We lack jurisdiction to consider petitioner's contention that he was denied the opportunity to rebut the IJ's adverse credibility finding because this argument was not presented to the BIA, and thus he failed to exhaust his available administrative remedies. 8 U.S.C. § 1252(d)(1); *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (only issues raised and argued on appeal to the BIA are deemed exhausted); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (requiring exhaustion to preserve issues alleging procedural errors). Regardless, any error was harmless in light of the BIA's consideration of the evidence as part of its decision on the implied remand motion.

**PETITION FOR REVIEW DENIED.**